## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MARCO PERALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-1791 |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant | § | |

### MEMORANDUM AND OPINION

The plaintiff, Marco Perales, defaulted on her[1] mortgage loan and sued to stop the lender from foreclosing.  She filed a state-court petition against Bank of America, N.A., (BANA), which removed based on diversity jurisdiction.  (Docket Entry No. 1).  BANA filed a motion to dismiss, or in the alternative, a motion for judgment on the pleadings.  (Docket Entry No. 3).  No response has been filed.  Based on a review of the pleadings, the motion and related submissions, and the applicable law, the court grants BANA's motion to dismiss.  Although each of the claims asserted is dismissed with prejudice and without leave to amend, Perales may file an amended complaint, consistent with Federal Rule of Civil Procedure 11.  She must do so no later than **Friday, August 29, 2014**.  Failure to do so may lead to dismissal with prejudice.

The reasons for this ruling are explained below.

### I.     Background

In November 2004, Perales took out a mortgage loan on property in Houston, Texas.  She signed a promissory note (the "Note) for $89,000, secured by a deed of trust.  (Docket Entry No. 1,

---

[1]  The petition uses a female pronoun, so the court does as well.

Ex. A, part 1 at 24–37).  In 2007, she entered into a loan modification agreement.  (State Court Petition ¶ 5, Docket Entry No. 1, Ex. A, part 1 at 8–17).  Perales failed to make the monthly payments.  (*Id.* ¶ 6).  BANA accelerated the loan and posted the property for foreclosure, with notice to Perales.  (*Id.*).  Perales filed suit in state court and obtained a temporary restraining order ("TRO"), which prohibited BANA from foreclosing.  (Docket Entry No. 1, Ex. A, part 2 at 33–35).  Because Perales obtained a TRO, BANA did not foreclosure.

In the petition, Perales alleges that she had arranged for a sale of the home for $115,000.  (Petition ¶ 7).  She asserts that because she has equity in the property of at least $16,308.06, BANA would be unjustly enriched if it was allowed to foreclose.  She also alleges that BANA violated the Texas Debt Collection Act, TEX. FIN. CODE § 392.001 *et seq.*, by accelerating the debt and sending a foreclosure notice that was wrongful and prohibited by law.  (Petition ¶ 11).  She also alleges that BANA violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE §§ 17.41–63, by representing that the Deed of Trust and Note allowed BANA to foreclose without complying with Texas Property Code § 51.002(d) and for violating the Texas Debt Collection Act.  (Petition ¶ 12).  Finally, she alleges a violation of § 51.002 of the Property Code, claims that BANA failed to provide in the notice of default a specific amount needed to cure the deficiency.  (*Id.* ¶ 14).

The defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).  (Docket Entry No. 3).  The arguments are analyzed below.

## II.    The Legal Standard for Motions to Dismiss and For Leave to Amend

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b) (6).  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court confirmed that Rule 12(b)(6) must

be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). The Supreme Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677.

"[I]n deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint . . . courts may also consider matters of which they may take judicial notice." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996). A court may, however, "consider documents integral to and explicitly relied on in the complaint, that the defendant appends to his motion to dismiss, as well as the full text of documents that are partially quoted or referred to in the complaint." *In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d 860, 882 (S.D. Tex. 2001) (internal quotation marks omitted). The court may consider such extrinsic materials as matters of public record without converting the motion into one seeking summary judgment.

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or

unable to amend in a manner that will avoid dismissal.").  However, a plaintiff should be denied

leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or

advances a claim or defense that is legally insufficient on its face." 6 CHARLES A. WRIGHT, ARTHUR

R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also*

*Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its

discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend*

*Imps, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))). *Manor*

*Assocs. v. City of Houston*, 816 F. Supp. 2d 394, 404 n.5 (S.D. Tex. 2011).

Under Federal Rule of Civil Procedure 15(a), a district court "should freely give leave [to

amend] when justice so requires." FED. R. CIV. P. 15(a)(2).  "[T]he language of this rule evinces a

bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994

(5th Cir. 2005) (internal quotation marks omitted).  Although leave to amend should not be

automatically granted, "[a] district court must possess a substantial reason to deny a request for leave

to amend[.]" *Id.* (internal quotation marks omitted).  Under Rule 15(a), "[d]enial of leave to amend

may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated

failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed

amendment." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir.

2010).  A proposed amendment is futile if "the amended complaint would fail to state a claim upon

which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir.

2000).  "[T]he same standard of legal sufficiency as applies under Rule 12(b)(6)" applies to

determining futility. *Id.* (internal quotation marks omitted).

**III**.    **Discussion**

4

A.    The Claim for Unjust Enrichment

BANA argues that Texas does not recognize an independent cause of action for unjust enrichment, but merely recognizing unjust enrichment as a quasi-contractual theory of recovery. Texas law is not completely clear. *See Davis v. Wells Fargo Bank*, N.A., No. 11-cv-047, 2014 WL 585403, at *2–3  (S.D. Tex. Feb. 14, 2014) (citing David Dittfurth, *Restitution in Texas: Civil Liability for Unjust Enrichment*, 54 S. TEX. L. REV. 225, 226 (2012) ("[T]he Texas Supreme Court should establish an independent and generally applicable cause of action for unjust enrichment."); George P. Roach, *Unjust Enrichment in Texas: Is It a Floor Wax or a Dessert Topping?*, 65 BAYLOR L.REV. 153, 253 (2013) ("Texas has a cause of action for unjust enrichment but it does not resemble traditional unjust enrichment in equity and therefore Texas has a weak safety net.")).

Some courts, including the Texas Supreme Court and the Fifth Circuit, have acknowledged such claims. *See, e.g.*, *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550 (5th Cir. 2010); *Elledge v. Friberg–Cooper Water Supply Corp.*, 240 S.W.3d 869, 870 (Tex. 2007); *Pepi Corp. v. Galliford*, 254 S.W.3d 457, 460 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) ("Unjust enrichment is an independent cause of action.").

Whether unjust enrichment is characterized as a cause of action or a theory of recovery, the elements are clear.  Unjust enrichment is an implied-contract basis for requiring restitution when it would be unjust to retain benefits received.  *Walker v. Cotter Props., Inc*., 181 S.W.3d 895, 900 (Tex. App.—Dallas 2006, no pet.).  Unjust enrichment allows recovery "when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992).  It is "based upon the promise

5

implied by law to pay for beneficial services rendered and knowingly accepted." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005) (internal quotation marks omitted).  However, unjust enrichment is not a proper remedy merely because it "might appear expedient or generally fair that some recompense be afforded for an unfortunate loss" to the claimant, or because the benefits to the party sought to be charged amount to a windfall. *Heldenfels Bros.*, 832 S.W.2d at 42.  Unjust enrichment does not operate to rescue a party from the consequences of a bad bargain, and the enrichment of one party at the expense of the other is not unjust if the parties have an express contract that permits it.  *Burlington N. R.R. Co. v. Sw. Elec. Power Co.*, 925 S.W.2d 92, 97 (Tex. App.—Texarkana 1996), *aff'd*, 966 S.W.2d 467 (Tex. 1998). "The simplest case of unjust enrichment liability is the mistaken payment. The plaintiff, thinking she owes the defendant $100, pays that amount, but in fact she does not owe anything.  But the transfer takes effect as such, so that the defendant becomes the owner of the money." Lionel Smith, *Restitution: The Heart of Corrective Justice*, 79 Tex. L. Rev. 2115, 2141 (2001) (footnote omitted).  Unjust enrichment includes a transfer to the defendant by the plaintiff, resulting in a material gain to the defendant and material loss by the plaintiff.

A plaintiff's "equity" in the foreclosed property is the measure of damages in a wrongful foreclosure claim.  *See Medrano v. BAC Home Loans Servicing, LP*, No. 10-cv-2565, 2012 WL 4174890, at *3 (N.D. Tex. Aug.10, 2012), *report and recommendation adopted*, 2012 WL 4202700 (N.D. Tex. Sept. 19, 2012) ("In a wrongful foreclosure suit the measure of damages is the difference between the value of the property in question at the date of the foreclosure and the remaining balance due on the indebtedness.") (internal quotations omitted).

Even assuming that an unjust enrichment claim is an independent cause of action, Perales

fails to state such a claim.  First, the property was not foreclosed or sold.  There is no basis in the contract or foreclosure documents to support the inference that after a foreclosure sale, BANA would refuse to pay Perales the amount above the debt.  Second, there is an express contract covering the parties' dispute, and if such a contract is present, there is no basis for recovery under a quasi-contract basis.  *Burlington N. R.R.*, 925 S.W.2d at 97. Unjust enrichment claims are based on quasi-contract and are predicated on the absence of an express contract controlling the circumstances.  *See Fortune Production Co. v. Conoco, Inc.*, 52 S.W.3d 671, 683 (Tex. 2000).  The cases are clear that "there can be no recovery for unjust enrichment under a quasi-contract or contract implied-in-law theory when a valid, express contract covers the subject matter of the parties' dispute."  *Patterson v. Long Beach Mortg. Co.*, No. 07-cv-1602, 2009 WL 4884151, at *8 (N.D. Tex. Dec.15, 2009).  The mortgage that Perales admits she obtained to purchase the property is a contract governing the subject matter of the parties' dispute.  Because an express contract governs, any claim for unjust enrichment against BANA fails and must be dismissed.  *See Bircher v. Bank of N.Y. Mellon*, No. 12-cv-171, 2012 WL 3245991, at *6 (N.D. Tex. Aug.9, 2012) (dismissing claim for unjust enrichment because "[t]he deed of trust and note preclude[ed]" such claim against the defendants).

The unjust enrichment claim is dismissed, with prejudice and without leave to amend because amendment would be futile.

### B.      The Texas Debt Collection Act Claim

The complaint does not allege a colorable claim under the Texas Debt Collection Act. Perales does not cite a specific provision of the TDCA, but appears to invoke § 392.301(a)(8), which states that a debt collector "may not use threats, coercion, or attempts to coerce that . . . threaten[]

to take an action prohibited by law." TEX. FIN. CODE § 392.301(a)(8).  The notice of acceleration and intent to foreclose that BANA sent were not "prohibited by law."  The TDCA does not prevent a debt collector like BANA from conducting a nonjudicial foreclosure in accordance with the Deed of Trust.  *Carrillo v. Bank of Am., N.A.*, No. 12-cv-3096, 2013 WL 1558320, at *7 (S.D. Tex. Apr. 11, 2013).  The TDCA explicitly states that it "does not prevent a debt collector from . . . exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." TEX. FIN. CODE. § 392.301(b)(3).  In Texas, nonjudicial foreclosure proceedings are authorized under § 51.002 of the Texas Property Code.

The TDCA claim is dismissed, with prejudice and without leave to amend because amendment would be futile.

### C.    The Texas Deceptive Trade Practices Act Claim

Texas law is clear that a borrower such as Perales is not a consumer under the DTPA. *See, e.g.*, *Miller v. BAC Home Loans Servicing*, 726 F.3d 717, 725 (5th Cir. 2013).  Loan servicing and foreclosure are not covered by the DTPA.  *Id.*

This claim is dismissed, with prejudice and without leave to amend because amendment would be futile.

### D.    The Claim of Texas Property Code Violations

Perales claims that the foreclosure could not go forward because the notice was improper under the Texas Property Code, § 51.002.  The courts consistently dismiss claims under this section when, as here, no foreclosure occurs, because there is no claim for wrongful foreclosure if the mortgagor does not lose possession of the home.  *See, e.g.*, *Baker v. Countrywide Home Loans, Inc*., No. 08-cv-916, 2009 WL 1810336, at *3–4 (N.D. Tex. June 24, 2009). An action for wrongful

foreclosure in Texas may be brought by individuals suffering harm due to irregularities in a foreclosure sale. *See Leggette v. Wash. Mut. Bank, FA*, No. 03-cv-2909, 2005 WL 2679699, at *2 (N.D. Tex. Oct.19, 2005); *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App.—San Antonio 1998, no pet.); *Wieler v. United Savings Ass'n of Tex.*, 887 S.W.2d 155, 158 (Tex. App.—Texarkana 1994, writ denied) (stating that "a person who suffers loss or material injury because of irregularities in a foreclosure sale is entitled to maintain a suit for wrongful foreclosure"). No such claim can be asserted here.

This claim is dismissed, with prejudice, because amendment would be futile.

## IV.    Conclusion

BANA's motion to dismiss, (Docket Entry No. 3), is granted. Each of the claims asserted fails as a matter of law and is dismissed with prejudice. Perales has until **August 29, 2014**, to file an amended pleading. Failure to do so within the deadline may lead to dismissal, with prejudice.

SIGNED on August 11, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

9